IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JIM (JAMES) DIXON,

        Plaintiff,

v.

FALCON HEIGHTS CONDOMINIUM
ASSOCIATION (FHCA); LUELLEN KELLY,
Manager, FHCA; any & all other Officers &
Directors of the FHCA who are involved in FHCA fraud,
abuse, etc. to be determined via Discovery; poss. to
include AL METCALF; SOCO DEVELOPMENT, INC.,
in association with L. KELLY; BARBARA DILACONI,
app. attorney for LUELLEN KELLY, et al.; BOIVIN,
UERLINGS & DILACONI, IC; and DOES I-X,

        Defendants.

Case No. 1:12-cv-00439-CL

**REPORT &
RECOMMENDATION**

CLARKE, Magistrate Judge

    This matter comes before the court on the motion to stay filed by defendants Barbara Dilaconi and Boivin, Uerlings & Dilaconi, PC, ("the Dilaconi defendants") (#11) and joined by defendants Falcon Heights Condominium Association ("the FHCA"); LuEllen Kelly ("Kelly"), manager of the FHCA; and SoCo Development, Inc., in association with L. Kelly & the FHCA ("SoCo") (collectively, "the FHCA defendants") (#13). Also before the court are plaintiff's

motion in opposition (#21) and motions (#22, 23) for entry of default against the Dilaconi defendants and the FHCA defendants. For the reason set forth below, defendants' motions to stay should be granted and plaintiff's motions for entry of default judgment should be denied.

## Background

Plaintiff James Dixon ("Dixon") signed a deed of trust with the Falcon Heights Condominium Association ("the FHCA") in 2006. (Compl., pp. 5, ¶ 6). The contract included an annual homeowner's association fee of $125. (Id., pp. 6, ¶ 6). In 2010, the FHCA increased the homeowner's association fee to $140. (Compl., Ex. A, Dckt. # 1-1, pp. 8).[1] Dixon disputes that he is obligated to pay the increased fee, (Compl., ¶ 27), and has therefore refused to pay the increased fee along with other personal fees charged to his account, (*see* id., Ex. A, pp. 9, 23). The FHCA subsequently filed two liens on Dixon's property, (id., pp. 26, 33) and a complaint for foreclosure in the Circuit Court for the State of Oregon, Klamath County, Case No. 11-04348-cv. (*See* Mem. Auth. Supp. Mot. Stay Proceedings, Dckt. # 12, pp. 2). Dixon was served with the state court complaint in February of 2012. (Compl., ¶ 23).

On March 12, 2012, Dixon, proceeding *pro se*, initiated this action by filing a sixty-nine page Complaint (# 1). Despite its extraordinary length, Dixon's Complaint is largely incomprehensible. Dixon asserts thirteen claims, including claims for violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., violation of the Oregon Unlawful Debt Collection Practices Act ("UDCPA"), ORS § 646.639, and nine tort claims, all of which appear to arise out of the attempted debt collection and state court foreclosure action brought by the FHCA. (Compl., pp. 63-67). On April 4, 2012, Dixon moved for entry of default judgment

---

[1] Page citation is to the electronic stamp as in the court's electronic filing system.

(# 16, 17, 18). On April 5, 2012, this court, construing Dixon's motions as seeking entry of default, denied (# 29) the motions, as defendants have not failed to appear or defend this action.

## Discussion

### I. Plaintiff's motion for entry of default judgment

Dixon moves separately for entry of default judgment against the FHCA defendants (#22) and the Dilaconi defendants (#23) pursuant to Federal Rule of Civil Procedure ("Rule") 55, on grounds that these defendants have failed to appear or otherwise defend this action and are thus in default, thereby entitling him to entry of default judgment as a matter of law.

### Standard

Federal Rule of Civil Procedure ("Rule") 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> "**(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> > **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
> >
> > **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment...."

FED. R. CIV. P. 55(a)-(b).

As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. *See* Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently

fails to understand the two-step process required by Rule 55."); *accord* Symantec Corp. v. Global Implact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); *see also* Norman v. Small, No. 09cv2235 WQH, 2010 WL 5173683, at *2 (S.D.Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08-cv-01693-OWW-SKO, 2010 WL 2898996, at *1 (E.D.Cal. July 22, 2010) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), *aff'd*, 3 Fed. Appx. 656 (9th Cir. 2001), *cert. denied*, 534 U.S. 1083, 122 S.Ct. 818 (2002).

### Discussion

Dixon has not requested or obtained a clerk's entry of default. Accordingly, plaintiff's motion for entry of default judgment is not properly before the court and must be denied. Furthermore, as explained in this court's order (#19) dated April 5, 2012, although defendants have not filed an Answer in this action, they have not failed to "otherwise defend." Therefore, even if Dixon's motions are construed as seeking entry of default pursuant to Rule 55(a), the motions are improper and must be denied.

In light of Dixon's *pro se* status, the court has considered whether Dixon's motion may be construed as a motion for reconsideration. Dixon's motions were filed within ten days of the order denying his initial motions for default judgment. Therefore, to the extent that the motions presently before the court may be considered to seek reconsideration, they are treated as motions

to alter or amend under Rule 59(e). Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001).

A party may seek reconsideration of a final judgment or order pursuant to Rule 59(e) "if the district court: (1) is presented with newly discoverable evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The decision to grant reconsideration is left to the discretion of the court. Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003) (*citing* Kona Enter., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000)); *see also* Lolli v. Cnty. of Orange, 351 F.3d 410, 411 (9th Cir. 2003); Plotkin v. Pac. Tel. & Tel. Co., 688 F.2d 1291, 1292 (9th Cir. 1982). This rule derives from the compelling interest in the finality of judgments, which should not be disregarded lightly. *See* Rodgers v. Watt, 722 F.2d 456, 459 (9th Cir. 1983).

Here, Dixon's arguments offer no basis for reconsideration under Rule 59(e). His current motion simply restates the arguments presented in the original motion for default judgment. He has failed to identify newly discoverable evidence or an intervening change in controlling law. Although Dixon may subjectively feel that this court erred in denying (#19) his motions for default judgment (#16, 17, 18), he has failed to identify any legal or factual error in the court's reasoning that would alter the outcome and thus require alteration or amendment of the court's order. Accordingly, to the extent that Dixon's motion may be construed as a motion for reconsideration, it should be denied.

## II. Defendants' motions to stay

The Dilaconi defendants move to stay proceedings (#11) pursuant to Rule 42(a), pending the

outcome of the pending state court foreclosure litigation. The FHCA defendants join (#13) the Dilaconi defendants' motion to stay proceedings.

**Standard**

A district court has the discretion to stay proceedings as part of its inherent authority to "control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254, S.Ct. 163 (1936). Thus, a district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Levya v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The independent proceedings need not be exactly parallel; rather, it is adequate if the state and federal actions are "substantially similar." Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989). However, "if there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity." Dependable Highway Ex., Inc. v. Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (*quoting* Landis, 299 U.S. at 255). Furthermore, a stay should only be granted if it is apparent that the independent proceedings will be resolved in a reasonable amount of time. Levya, 593 F.2d at 864; *see also* Dependable Highway, 498 F.3d at 1067 (holding that the district court erred "by issuing a stay without any indication that it would last only for a reasonable time").

**Discussion**

Dixon's motion in opposition (#21) is procedurally improper. A party must file and serve any response within fourteen days after service of the motion. LR 7.1(e). Defendants' filed their motions to stay on March 29, 2012 and April 3, 2012. Plaintiff filed his response seventeen days

later. He did not file a request for an extension nor did he provide a reason for his lateness. Thus, Plaintiff's response was untimely and must be denied. Despite Plaintiff's failure to file a timely response, and due to his *pro se* status, the court will consider the defendants' motions to stay based on the merits.

Here, a stay is warranted until the foreclosure proceedings in the Circuit Court are resolved. First, Dixon's federal complaint alleges thirteen claims, all of which challenge the FHCA's legal right to collect fees. Thus, this question is squarely at issue in the foreclosure proceedings. His Complaint names the FHCA and affiliated persons as defendants. Most notably, his claims appear to arise from FHCA's attempt to collect debt and foreclose in state court. Therefore, Dixon's proceedings appear to be based on the same transactions as the FHCA's proceedings in state court. For that reason, the resolution of the pending Circuit Court proceedings may bear upon the outcome of Dixon's claims in this court. The outcome of the foreclosure proceeding could preclude Dixon from litigating claims in this case. *See e.g.* Hulse v. Ocwen Fed. Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. Feb. 27, 2002) (concluding that foreclosing on property is not the collection of a debt within the meaning of the Fair Debt Collection Practices Act); Headwaters Inc. v U.S. Forest Service, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (stating that a final judgment on the merits bars further claims by parties based on the same cause of action).

Furthermore, a stay will not cause damage to either party. The defendants move to stay proceedings in this court only until the foreclosure proceedings are resolved in the Circuit Court. If appropriate, Dixon's action will continue upon the conclusion of the state action. Finally, there are no facts that suggest that the state court proceedings will take an unreasonable amount of time to conclude. The state foreclosure action was initiated prior to this federal action. Dixon

has filed a motion for summary judgment in the state action and is therefore actively defending the foreclosure case. Based on these facts, the court should grant defendants' motions to stay proceedings.

## RECOMMENDATION

For the reasons stated above, the motion to stay filed by the Dilaconi defendants (#11) and joined by the FHCA defendants (#13) should be granted, plaintiff's motion in opposition (#21) should be denied, and plaintiff's motions for entry of default judgment (#22, 23) should be denied.

***This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.*** Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. ***Objections to this Report and Recommendation, if any, are due by July 9, 2012. If objections are filed, any response to the objections is due by July 26, 2012.*** See FED. R. CIV. P. 72, 6.

IT IS SO ORDERED.

DATED this ___19___ day of June, 2012.

_____
MARK D. CLARKE
United States Magistrate Judge