IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JIM (JAMES) DIXON,                                            Case No. 1:12-cv-00439-CL

             Plaintiff,

      v.

                                                             **REPORT &**
                                                        **RECOMMENDATION**
FALCON HEIGHTS CONDOMINIUM
ASSOCIATION (FHCA), et al.

             Defendants.
_____

CLARKE, Magistrate Judge

       This matter comes before the court on the motions for summary judgment filed by

defendants Barbara Dilaconi and Boivin, Uerlings & Dilaconi, PC, ("the Dilaconi defendants")

(#49), defendants Falcon Heights Condominium Association ("the FHCA"); LuEllen Kelly

("Kelly"), manager of the FHCA; and SoCo Development, Inc., in association with L. Kelly &

the FHCA ("SoCo") (collectively, "the FHCA defendants") (#46), and Plaintiff Jim Dixon (#53).

For the reason below, defendants' motions for summary should be granted and plaintiff's motion

for summary judgment should be denied.

## BACKGROUND

Plaintiff James Dixon ("Dixon") signed a deed of trust with the Falcon Heights Condominium Association ("the FHCA") in 2006. (Compl., pp. 5, ¶ 6). The contract included an annual homeowner's association fee of $125. (Id., pp. 6, ¶ 6). In 2010, the FHCA increased the homeowner's association fee to $140. (Compl., Ex. A, Dckt. # 1-1, pp. 8).[1] Dixon disputes that he is obligated to pay the increased fee, (Compl., ¶ 27), and has therefore refused to pay the increased fee along with other personal fees charged to his account, (see id., Ex. A, pp. 9, 23). The FHCA subsequently filed two liens on Dixon's property, (id., pp. 26, 33) and a complaint for foreclosure in the Circuit Court for the State of Oregon, Klamath County, Case No. 11-04348-cv. (See Mem. Auth. Supp. Mot. Stay Proceedings, Dckt. # 12, pp. 2). Dixon was served with the state court complaint in February of 2012. (Compl., ¶ 23).

On March 12, 2012, Dixon, proceeding pro se, initiated this action by filing a sixty-nine page Complaint (# 1). Dixon asserts thirteen claims, including claims for violations of his constitutional rights under 42 U.S.C. §§ 1983 and 1985, violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., violation of the Oregon Unlawful Debt Collection Practices Act ("UDCPA"), ORS § 646.639, and nine tort claims, all of which appear to arise out of the attempted debt collection and state court foreclosure action brought by the FHCA. (Compl., pp. 63-67). On April 4, 2012, Dixon moved for entry of default judgment (# 16, 17, 18). On April 5, 2012, this court, construing Dixon's motions as seeking entry of default, denied (# 29) the motions, as defendants have not failed to appear or defend this action.

On June 19, 2012, this court again denied a motion for entry of default, filed by Dixon (#22), and granted defendants' motions to stay the proceedings (#11, 23) pending the outcome of concurrent litigation in Klamath County, Oregon, Case No. 11-04348-CV. On May 24, 2013 the

---

[1] Page citation is to the electronic stamp as in the court's electronic filing system.

parties indicated that the state court litigation had resolved, and the case was put back on this court's active docket. On June 11, a telephonic Rule 16 conference was held. The court attempted to reach Mr. Dixon, but was unable to do so. At the conference, defense counsel indicated their intentions to file motions for summary judgment. The court set a deadline and abated the other case deadlines pending resolutions of such motions. Dixon later inquired into what happened at the Rule 16 conference, and the court informed him of the above events. After the defendants filed their motions, a Pro Se Summary Judgment Advice Notice was sent to Plaintiff Dixon explaining the requirements of Rule 56 and the burden on Dixon to respond and giving him the opportunity to file his own dispositive motion, if appropriate. Dixon subsequently filed a motion for summary judgment, as well as responses to defendants' motions. He also filed numerous other documents despite the court's direction that further briefing would not be allowed without permission from the court.

## STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material of fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d 1070, 1076 (9th Cir. 2001) (en banc). The court cannot weigh the evidence or determine the truth but may only determine whether there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Id. at 250. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views the evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

## DISCUSSION

Despite the length of the plaintiff's complaint, and the number of his claims, along with the large volume of his motions and other filings, his allegations can be boiled down to his disagreement with the defendants over the disputed homeowner's association fees, the subsequent liens, and eventual foreclosure proceedings in state court. Because the court cannot discern a single claim or allegation which does not arise out of that dispute, the plaintiff's claims are barred by claim preclusion doctrine as well as the Rooker-Feldman Doctrine.

### I.    Defendants' motions for summary judgment

Both the FHCA defendants and the Dilaconi defendants have filed motions for summary judgment based on claim preclusion doctrine. The Supreme Court has ruled that a federal court must give a state court judgment "the same preclusive effect as would be given that judgment under the law of the State in which the judgment is rendered." Migra v. Warren City School Dist. Bd. of Educ, 465 U.S. 75, 81 (1984) (citing Allen v. McCurry, 449 U.S. 90, 96 (1980)). Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981).  Federal courts apply state

preclusion law in determining whether claim preclusion applies.  Marrese v. Am. Acad. of

Orthopaedic Surgeons, 470 U.S. 373, 380 (1985).  Oregon courts apply claim preclusion when

the case at issue "is based on the same factual transaction that was at issue in the first [case],

seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could

have been joined in the first action."  Rennie v. Freeway Transport, 294 Or. 319, 323, 656 P.2d

919 (1982).

      In this case, the plaintiff does not dispute that his claims were litigated in state court.

Instead he argues that the state court proceeding was unfair, biased, and devoid of any legal

effect.  He strenuously asserts that the fees assessed against him were unlawful, that the liens

filed were forged and fraudulent, and that the foreclosure process was a violation of his

constitutional rights.  All of these issues arise out of the same factual transaction that was at issue

in the first case, and either were or could have been litigated in the state court proceeding.

Therefore, the plaintiff's claims are barred by the doctrine of claim preclusion.

## II.    Plaintiff's motion for summary judgment

      Plaintiff's motion for summary judgment rests on his contention that the state foreclosure

proceeding was essentially a sham.  He clearly has an honest belief that the proceeding was

unfair, fraudulent, and ultimately unconstitutional.  However, under the Rooker–Feldman

doctrine, federal district courts lack jurisdiction over cases that directly challenge a state court

judgment.  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292, 125 S.Ct. 1517

(2005); Amerisourcebergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007).  The doctrine

bars a federal court's direct review of issues actually decided by state courts as well as claims

that amount to nothing more than an impermissible collateral attack on prior state court decisions

and that are inextricably intertwined with the forbidden appeal. Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir., 453 F.3d 1160, 1166 (9th Cir. 2006). The Rooker–Feldman doctrine applies even when the challenge to the state court decision involves federal constitutional issues, including those anchored in federally protected rights. Bates v. Jones, 131 F.3d 843, 856 (9th Cir. 1997). Rooker–Feldman is a jurisdictional doctrine rather than a claim preclusion doctrine. Elwood v. Drescher, 456 F.3d 943, 948 (9th Cir. 2006).

Because the plaintiff's claims are a direct challenge to the state court proceeding, which has been fully litigated, his case is barred as an impermissible collateral attack. The federal district court is not the proper forum for an appeal of a state court decision.

### RECOMMENDATION

Plaintiff's claims are barred by the claim preclusion doctrine, as well as the Rooker-Feldman doctrine. Therefore, the motions for summary judgment by the Dilaconi defendants (#49) and the FHCA defendants (#46) should be GRANTED, and plaintiff's motion for summary judgment (#53) should be DENIED.

This Report and Recommendation will be referred to a district judge. Objections, if any, are due no later than fourteen (14) days after the date this recommendation is filed. If objections are filed, any response is due within fourteen (14) days after the date the objections are filed. See FED. R. CIV. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED this _____ day of October, 2013.

MARK D. CLARKE
United States Magistrate Judge